791 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
THOMAS F. EDWARDS, Plaintiff-Appellant,
v.
GARY LIVESAY, WARDEN; VIRGINIA LEWIS, HOSPITAL SUPERVISOR;
BLEDSOE COUNTY REGIONAL CORRECTIONAL FACILITY; AND ERNEST T.
PELLEGRIN, COMMISSIONER, TENNESSEE DEPARTMENT OF
CORRECTIONS, Defendants-Appellees.
 84-5965
 United States Court of Appeals, Sixth Circuit.
 4/9/86
 
 AFFIRMED
 E.D.Tenn.
 ORDER
 BEFORE: KEITH and MARTIN, Circuit Judges; WEICK, Senior Circuit Judge.
 
 
 1
 This pro se Tennessee prisoner appeals from a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. Seeking monetary and mandatory injunctive relief, the plaintiff sued certain prison officials charging them with willful failure to provide him with any medical attention to correct his blurred vision. Upon review of the defendants' motions for summary judgment which were accompanied by affidavits, the district court dismissed the suit against the Commissioner of the Tennessee Department of Corrections and the Warden of plaintiff's correctional facility for plaintiff's failure to state a cause of action, and granted summary judgment for the Health Administrator of plaintiff's correctional facility due to plaintiff's failure to show the existence of a genuine issue as to any material fact.
 
 
 2
 Upon review of the cause in light of the arguments presented by the parties on appeal, this Court concludes that the district court properly dismissed plaintiff's action. The plaintiff did not state a cause of action against the Commissioner and Warden as he failed to demonstrate that these defendants condoned, encouraged or participated in the alleged misconduct. Belamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 105 S.Ct. 156 (1984); Dunn v. State of Tenn., 697 F.2d 121, 128 (6th Cir. 1982), cert. denied, 460 U.S. 1086 (1983); Hays v. Jefferson County, Ky., 668 F.2d 869 (6th Cir.), cert. denied, 459 U.S. 833 (1982). The plaintiff also failed to show that the Health Administrator acted with gross neglect or deliberate indifference to any of his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Mere negligence is clearly insufficient to support a claim under the eighth amendment. Estelle v. Gamble, supra; Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985). The plaintiff was seen by several licensed practical nurses on numerous occasions for his eye problem, and, during the course of the litigation, it was revealed that the plaintiff was scheduled for an appointment with the optometrist for August 23, 1984. This licensed eye specialist, although not a medical doctor, is more than capable of correcting many vision problems and is also capable of recognizing eye problems which should be referred to a medical specialist. Finally, summary judgment was also properly awarded against the plaintiff because he simply failed to file a response to the motions for summary judgment and he could not rest on his pleadings to defend the motions. Kendall v. Hoover Co., 751 F.2d 171, 173 (6th Cir. 1984); Smith v. Hudson, 600 F.2d 60, 64-65 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979).
 
 
 3
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed, pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.