Edward Lee **DUNN**, Plaintiff-Appellant,

v.

The **STATE OF TENNESSEE, et al.,**
Defendants-Appellees.

No. 81–5217.

United States Court of Appeals,
Sixth Circuit.

Argued July 29, 1982.

Decided Dec. 30, 1982.

Certiorari Denied April 18, 1983.
See 103 S.Ct. 1778.

Mose J. Davie (argued), Nashville, Tenn., for plaintiff-appellant.

J. Andrew Hoyal, II, Asst. Atty. Gen. (argued), William Leech, Atty. Gen., John C. Zimmermann, Nashville, Tenn., for defendants-appellees.

John P. Branham, Mary M. Schaffner (argued), Howell & Fisher, Nashville, Tenn., for Wix and Hight.

Burney T. Durham (argued), David M. Amonette, William L. Small, Bone & Woods, Gallatin, Tenn., for Sumner County.

Before KEITH and MERRITT, Circuit Judges, and JOHNSTONE,* District Judge.

JOHNSTONE, District Judge.

Plaintiff appeals a judgment of the district court dismissing his complaint, seeking relief under 42 U.S.C. §§ 1983 (1970) and 1985(3) (1970), for failure to state a claim upon which relief may be granted. Fed.R. Civ.P. 12(b)(6). We are of the opinion that plaintiff states a claim actionable under 1983 against certain defendants, but agree with the district court's dismissal of the 1983 action against other parties and with the lower court's dismissal of the 1985 claim against all defendants.

Mr. Dunn's complaint alleges that at 10:00 P.M. on the night of December 26, 1978, David Wyllie, a Tennessee state trooper, and Phillip Hight, a deputy sheriff for Sumner County, Tennessee, came to his residence with a misdemeanor arrest warrant for his son. It was Wyllie's fourth trip and Hight's second to the Dunn home. The two

---

* The Honorable Edward H. Johnstone, Judge, United States District Court for the Western District of Kentucky, sitting by designation.

officers requested Dunn's permission to enter the house to look for the son. Dunn, dressed in pajamas, told the officers that his son was living with Dunn's wife in Nashville. He stood in the doorway and passively, but firmly, denied the two officers entry. There is nothing in the record to indicate that Dunn was even impolite to the officers.[1]

At this point, the two officers forced entry, searched unsuccessfully for Dunn's son, and arrested Dunn for "interfering with the duty of a police officer." The officers handcuffed Dunn and drove him to the Sumner County Jail, where he was booked and required to post bail.

Both Wyllie and Hight testified at Dunn's criminal trial. Dunn was found guilty of interfering with the duty of a police officer. He appealed his conviction to the Sumner County Circuit Court and ultimately to the Tennessee Criminal Court of Appeals. The appellate court dismissed the charge finding no "interference." The state applied to the Tennessee Supreme Court for review of the dismissal, but the Court denied the application.

Dunn filed this action in the United States District Court for the Middle District of Tennessee against, among others, Wyllie, Hight, Sumner County and Mayo Wix, its Sheriff, alleging the arrest, imprisonment, and prosecution deprived him "... of his liberty and his rights and privileges of being secure in his person and property." That court dismissed plaintiff's complaint against all defendants. The district court found the allegations of malicious prosecution devoid of any violations of constitutional rights. In a footnote to the opinion, the Court noted that this claim "... may be time-barred in this Court ... [because] ... any claim under § 1983 must be filed within one year from the actual date of the constitutional violation. 4A Tenn.Code Ann. § 28–3–104."

Three issues are presented for review. First, whether under the facts alleged in the complaint, a claim of malicious prosecution is actionable under Sections 1983 and 1985. Second, if the claim is actionable, whether the cause of action accrued upon the date of the successful outcome of the underlying action. Finally, whether the defendants named in the appeal are immune from the action.

■■■ This Court agrees with the district court that plaintiff failed to state a cause of action under 1985(3).[2] To state a claim actionable under this section, a complaint must allege two necessary elements: (1) the existence of a conspiracy, and (2) some "class-based discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); *Browder v. Tipton,* 630 F.2d 1149, 1150 (6th Cir.1980). Dunn is a white male and his complaint contains no allegations that he was deprived of *equal* protection or *equal* privileges and immunities because of discrimination based upon a constitutionally protected classification nor that a conspiracy existed among the defendants. This claim was properly dismissed against all defendants. *Macko v. Bryon,* 641 F.2d 447, 450 (6th Cir.1981). However, the trial court erred, in part, in dismissing plaintiff's claim of malicious prosecution as actionable under 42 U.S.C. § 1983.[3]

---

1. The Tennessee Criminal Appeals Court opinion, rendered in Dunn's state criminal appeal, specifically stated that "... the record is wholly devoid of any evidence of threats, force, or threatening behavior on Mr. Dunn's, or even the kind of harsh language that one might expect under the circumstances." This opinion was made a part of Dunn's complaint.

2. Depriving persons of rights or privileges.
   If two or more persons in any State or Territory conspire, or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, .... the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators. 42 U.S.C. § 1985(3) (1970) (in pertinent part).

3. Civil action for deprivation of rights
   Every person who, under color of any statute, ordinance, regulation, custom, or usage,

Dunn alleges that the "... defendants ... falsely, wrongfully, willfully, and maliciously prosecuted [Dunn] upon said alleged charge of interfering with a police officer, ... with the intent to deprive the plaintiff of his liberty and his rights and privileges of being secure in his person and property...." The district court accepted these allegations as true, but held that they were insufficient to raise a state tort claim of malicious prosecution to the level of an action cognizable under 1983.

The standard for reviewing the sufficiency of the allegations in a complaint for an action under 1983 was stated in *Westlake v. Lucas,* 537 F.2d 857, (6th Cir. 1976), where we held:

> [d]ismissals of complaints under the civil rights statutes are scrutinized with special care. A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant. Rule 8(a)(2) simply requires 'a short and plain statement of the claim showing that the pleader is entitled to relief....' Fed.R. Civ.P. 8(a)(2). All a complaint need do is afford the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' [cites omitted]. A motion to dismiss under Rule 12(b)(6) should not be granted 'unless *it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'* [cites omitted]. [emphasis added].

*Id.* at 858–859.

Neither the Fourteenth Amendment nor 1983 were designed to redress all injuries incurred by reason of unfounded or malicious claims brought in state court ac-

tions. Nevertheless, if the misuse of a legal proceeding is so egregious as to subject the aggrieved individual to a deprivation of constitutional dimension, and the tortfeasor is acting under color of state law, 1983 may be employed. *Nesmith v. Alford,* 318 F.2d 110, 126 (5th Cir.1963), *cert. denied,* 375 U.S. 975, 84 S.Ct. 489, 11 L.Ed.2d 420 (1964).

Two essential elements must be pled and proven by a plaintiff to recover under 1983. First, there must be a deprivation of plaintiff's "... rights, privileges, or immunities secured by the Constitution and laws...." of the United States. *Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1970); *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). Second, the plaintiff must allege that the defendants deprived him of this constitutional right "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." *Monroe v. Pape,* 365 U.S. 167, 171–188, 81 S.Ct. 473, 476–484, 5 L.Ed.2d 492 (1961); *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970).

The absence of the first element (deprivation of a right secured by the Constitution and laws of the United States) induced the district court to dismiss the malicious prosecution claim.[4] Certainly, the complaint is wanting in particulars. However, reading the complaint most favorably to plaintiff, it is arguable that Dunn's interest in being free from unreasonable search and seizure, as guaranteed by the Fourth Amendment, was impaired by the officers' search.[5] This Court recognized in *United*

---

of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action of law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983 (1970).

**4.** In addition to the requirements of 1983, a plaintiff claiming malicious prosecution must show: (1) the defendant instituted a criminal action against the plaintiff; (2) that prosecu-

tion ended in the plaintiff's favor; (3) there was no probable cause to initiate the criminal proceeding; and (4) the defendant acted maliciously. *Donaldson v. Donaldson,* 557 S.W.2d 60, 62 (Tenn.1977).

**5.** The Fourth Amendment to the United States Constitution provides:

The right of the people to be secure in their persons, homes, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or

*States v. Shye,* 492 F.2d 886, 891 (6th Cir. 1974), that when police officers seek to search a third party's home to execute an arrest warrant for another, "... a search warrant and not just an arrest warrant is necessary, ..." absent exigent circumstances as well as probable cause to believe the suspect is in the home.[6] *United States v. Sumlin,* 567 F.2d 684, 686, n. 1 (6th Cir. 1977), *cert. denied* 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 529 (1978), discussing *United States v. Shye,* 492 F.2d at 891. Explaining our prior decision in *United States v. McKinney,* 379 F.2d 259, 263 (6th Cir. 1967), noted in the Tennessee Criminal Court of Appeals opinion, we rejected the suggestion that the issuance of an arrest warrant is itself an exceptional circumstance obviating the need for a search warrant and required that "[a]s a constitutional minimum ..., an arrest warrant can authorize entry into a dwelling only where the officials executing the warrant have reasonable or probable cause to believe the person named in the warrant is within. [cites omitted] ..." *United States v. Jones,* 641 F.2d 425, 428 (6th Cir.1981). Moreover, the United States Supreme Court has held that, absent exigent circumstances or consent, law enforcement officers can not legally search for the subject of an arrest warrant in the home of a third party without first obtaining a search warrant. *Steagald v. United States,* 451 U.S. 204, 215, 101 S.Ct. 1642, 1649, 68 L.Ed.2d 38 (1981); *see Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).

▮In our view the complaint can be fairly interpreted to allege that the defendants Wyllie and Hight, acting under color of law, deprived plaintiff of his constitutional right under the Fourth Amendment, as incorporated in the Fourteenth Amendment, to be free of unreasonable searches and seizures. They did so by arresting and prosecuting him because he attempted to exercise that right. The plaintiff should have an opportunity to amend his complaint and to prove the allegations. We hold that he has adequately stated a cause of action.

▮ Wyllie argued upon appeal that plaintiff's action is time-barred. Congress did not enact a statute of limitations for actions brought under 1983; thus, it is the duty of federal courts to apply the state statute of limitations most analogous to the asserted claim. *Johnson v. Railway Express Agency, Inc.,* 489 F.2d 525, 529 (6th Cir.1973), *aff'g,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975). It is agreed that the one-year provision of 4A Tenn.Code Ann. § 28–3–104 is applicable.[7] The narrow issue raised here is whether plaintiff's 1983 action "accrued" under this statute upon the date when Dunn successfully defended the criminal charges against him in the Tennessee Court. Plaintiff was arrested on December 27, 1978, obtained a final dismissal when the Tennessee Supreme Court denied review on June 2, 1980, and filed this civil action in federal district court on August 27, 1980.

▮ At common law it is unanimously recognized that the termination of the underlying criminal proceeding in favor of the accused is an essential element of a malicious prosecution action. *Donaldson v. Donaldson,* 557 S.W.2d 60, 62 (Tenn.1977); *see* Restatement (Second) of Torts § 658 (1977).

The district court stated in a footnote: [s]uch reversal, however, is not an essential element of his § 1983 cause of action and accrual of that cause is not similarly delayed. *Rinehart v. Locke,* 454 F.2d 313,

---

affirmation and particularly describing the place to be searched and the persons or things to be seized.

6. We do not reach a conclusion as to whether probable cause existed in this case. Reviewing the record on Dunn's criminal appeal, the Tennessee Criminal Court of Appeals suggested that the son was not a resident. Identifying the question as a "close one" the court avoided the

issue and reversed Dunn's criminal conviction on other grounds.

7. That statute provides in pertinent part:
... civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes, ... shall be commenced within one (1) year *after* [the] *cause of action accrued.* [emphasis added].

315 (7th Cir.1971). Consequently, any claim under § 1983 must be filed within one year from the actual date of the constitutional violation. 4A Tenn.Code Ann. § 28–3–104.

Thus, it was concluded that the malicious prosecution action accrued at the time of arrest.

However, in *Rinehart,* it is unclear whether the 1983 claim was for malicious prosecution or false arrest. Our reading of the case indicates it was couched in terms of false arrest and thus a reversal on appeal would be immaterial. This construction of *Rinehart* is in harmony with the great weight of authority and this Court finds that favorable termination of the prior criminal proceeding marks the point at which a 1983 claim for malicious prosecution accrues. *Singleton v. City of New York,* 632 F.2d 185, 194–195 (2d Cir.1980), *cert. denied* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981); *Morrison v. Jones,* 551 F.2d 939, 940–941 (4th Cir.1977); and *Sullivan v. Choquette,* 420 F.2d 674 (1st Cir. 1969), *cert. denied* 398 U.S. 904, 90 S.Ct.

1691, 26 L.Ed.2d 62, *reh'g denied* 399 U.S. 938, 90 S.Ct. 2237, 26 L.Ed.2d 809 (1970).[8]

To require this type 1983 claim to be filed prior to the final successful disposition of the underlying criminal charge would create unwarranted federal intrusion into state affairs. Such a claim does not fully accrue until the successful termination of the state criminal proceedings. Normally a conviction alone is sufficient to establish probable cause of a prosecution. We think, therefore, that the statute of limitations in question begins to run at the time of the termination of the state proceeding.

This Court, in *Kurz v. State of Michigan,* 548 F.2d 172, 174 (6th Cir.1977), *cert. denied* 434 U.S. 972, 98 S.Ct. 526, 54 L.Ed.2d 462 *reh'g denied* 434 U.S. 1089, 98 S.Ct. 1289, 55 L.Ed.2d 796 (1978), questioned the dismissal of a 1983 malicious prosecution claim for untimeliness. The Court recognized that under state law the action accrued on the date the Michigan Supreme Court dismissed the underlying criminal action in favor of the accused. *Id.* at 174.[9]

---

**8.** The U.S. Court of Appeals for the Second Circuit in *Singleton v. City of New York,* 632 F.2d 185, 194–195 (2d Cir.1980), *cert. denied* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981), ruled plaintiff's claim of deprivation of 1983 civil rights through malicious prosecution may not be stated without alleging and proving that prosecution terminated in some manner indicating that plaintiff was not guilty of the offenses charged.

Singleton was arrested on November 14, 1975. The prosecution adjourned in contemplation of dismissal on June 14, 1976, with final dismissal on December 14, 1976. Plaintiff filed his civil suit on February 19, 1979. The analogous state statute of limitations is three years from accrual of the action. As to the accrual of the action, the court held, "[t]urning to Singleton's malicious prosecution claim, it is undisputed that this claim accrued on December 16, 1976, and that it was therefore timely filed." *Id.* at 193. The case was dismissed on other grounds.

In *Morrison v. Jones, et al.,* 551 F.2d 939, 940–941 (4th Cir.1977), defendant police officers claimed the one year state statute of limitations accrued on the date of the accused's arrest and barred his § 1983 action for malicious prosecution. The U.S. Court of Appeals for the Fourth Circuit held: "[s]ince federal law does not define the elements of the claim, we

adopt the common law rule that favorable termination of the proceedings is essential. [cites omitted]. Consequently, the claim does not accrue until the proceedings are terminated. [cites omitted]. *Id.*

While the opinion is ambiguous as to the precise nature of the claim set out in *Sullivan v. Choquette,* 420 F.2d 674 (1st Cir.1969), *cert. denied* 398 U.S. 904, 90 S.Ct. 1691, 26 L.Ed.2d 62, *reh'g denied* 399 U.S. 938, 90 S.Ct. 2237, 26 L.Ed.2d 809 (1970), the case has been interpreted to require a termination of the prior proceeding in a manner favorable to the plaintiff for a 1983 malicious prosecution action to lie. *Id.* at 676, *see Morrison v. Jones,* 551 F.2d at 941.

**9.** Since the accused was charged on April 9, 1970; the Michigan Supreme Court's final decision in his favor was entered April 21, 1972; and plaintiff filed his action alleging violations of his federally protected civil rights on April 18, 1974, under Michigan's applicable two year statute of limitations, the action would not be time-barred. However, finding all state defendants immune to the action, this court did not reach the issue and affirmed the district court's dismissal of the action without further addressing the accrual issue. *Kurz v. State of Michigan,* 548 F.2d at 175.

Since Dunn filed his civil action within one year of the Tennessee Court's favorable termination of the underlying criminal proceeding, the action is not barred.

Finally, we affirm the judgment of the district court dismissing the complaint as against Sheriff Wix and Sumner County.

 A local government may not be sued under 1983 for injuries caused solely by its agents under the theory of respondeat superior, unless those persons are executing the government's policies or customs. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691, 695, 98 S.Ct. 2018, 2036, 2038, 56 L.Ed.2d 611 (1978). Appellant made no allegation that any deprivation of his rights resulted from the implementation of any policy or custom adopted by Sumner County.

Appellant concedes that Sheriff Wix is not a proper defendant on the theory of respondeat superior. *Monell v. New York Department of Social Services*, 436 U.S. at 694, 98 S.Ct. at 2037, 56 L.Ed.2d 611; *Wilson v. Beebe*, 612 F.2d 275, 275–276 (6th Cir.1980). The United States Supreme Court has held that a 1983 action cannot lie against a police supervisor for failure to prevent police misconduct, absent a showing of direct responsibility for that improper action. *See Rizzo v. Goode*, 423 U.S. 362, 373–377, 96 S.Ct. 598, 605–607, 46 L.Ed.2d 561 (1976). What is required is a causal connection between the misconduct complained of and the official sued. There is no such allegation with respect to Sheriff Wix.

Officers Wyllie and Hight are the two individuals who are alleged to have actively caused the events plaintiff charges violated his civil rights. Allegations that these two officers were personally involved in the incident, absent a recognized immunity, establish them as proper defendants to this action. *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir.1979).

Accordingly, the judgment of the United States District Court for the Middle District of Tennessee dismissing the 1983 action of Edward Lee Dunn against David Wyllie and Phillip Hight is REVERSED. In compliance with this opinion the Appellant shall be afforded an opportunity to amend his complaint. The judgment of the district court dismissing the complaint against Sumner County and Mayo Wix is AFFIRMED. The judgment of the district court dismissing the 1985 claim by Dunn against all the Appellees is AFFIRMED.

No costs shall be awarded. Each party shall pay their own costs on appeal.