785 F.2d 310
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ARNOLD J. SOUTHERS, Plaintiff-Appellant
v.
D. W. HARRIS, WARDEN OF EAST TENNESSEE RECEPTION CENTER,
Defendant-Appellee.
 84-5954
 United States Court of Appeals, Sixth Circuit.
 1/29/86
 
 ORDER
 BEFORE: ENGEL, KENNEDY and RYAN, Circuit Judges.
 
 
 1
 The plaintiff appeals the summary judgment for defendant in this pro se prisoner's civil rights action. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff was received at the East Tennessee Reception Center (ETRC) on June 29, 1984, as a temporary prisoner pending his classification and permanent assignment and transfer to a state penitentiary. He filed this pro se action on August 6, 1984 asserting the defendant (the warden of ETRC) had subjected him to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments by denying him (1) a special diet prescribed by a previous physician for a heart condition, (2) access to a daily exercise program also previously prescribed for the heart conditions, and (3) participation in religious services. The defendant responded with a motion to dismiss or, in the alternative, for summary judgment, based on the ground, inter alia, that the plaintiff had not alleged or shown any personal involvement of the defendant in the alleged unconstitutional deprivations. The motion was supported by the defendant's affidavit wherein he denied any personal involvement in the alleged deprivations or knowledge of their existence prior to service of the plaintiff's complaint. Also attached to the motion was the affidavit of a state-contracted physician who examined the plaintiff at ETRC and concluded the latter did not require a special diet or exercise program outside those normally provided at ETRC for the general prisoner population.
 
 
 3
 The district court agreed the plaintiff failed to show any personal liability of the defendant for the alleged deprivations and entered summary judgment for the defendant on that ground. This appeal followed.
 
 
 4
 Even construing the evidence in a light most favorable to the plaintiff, see Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 215-16 (6th Cir. 1985), we conclude the district court did not err in granting summary judgment to the defendant on the ground stated above. It is settled law that a civil rights litigant must show a causal connection between a named defendant and the alleged unconstitutional deprivation in order to establish liability of that defendant. Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir. 1982), cert. denied, 460 U.S. 1086 (1983). The fact the plaintiff wrote a letter to the defendant a week before he prepared his complaint is insufficient to establish active participation in or authorization of the alleged deprivations. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 105 S.Ct. 156 (1984). Likewise, the defendant's position of warden does not by itself render him liable for all alleged unconstitutional deprivations which may occur at ETRC.
 
 
 5
 It is ORDERED that the district court's judgment of October 9, 1984 be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.