805 F.2d 1034
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward Thomas ILLSLEY, Plaintiff-Appellant,
v.
ATTORNEY GENERAL OF the UNITED STATES; William Story;
Norman Carlson; Eugene Ray; and William Peters,
Defendants-Appellees.
 No. 85-5842.
 United States Court of Appeals, Sixth Circuit.
 Oct. 8, 1986.
 
 Before MERRITT, GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In this action, plaintiff brought suit under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), against five individuals in connection with his claim that the parole release date of his federal sentence of incarceration for unlawful possession of stolen mail was incorrectly calculated. The district court dismissed the action on collateral estoppel grounds, citing Allen v. McCurry, 449 U.S. 90 (1980). This appeal followed. On appeal, the parties have filed briefs, plaintiff proceeding without counsel.
 
 
 3
 Upon consideration, we find that the district court was correct in granting defendants' motion for summary judgment although we base this affirmance on slightly different grounds. Our examination of the instant record reveals that all of the named defendants are entitled to summary judgment on the merits of the case.
 
 
 4
 Defendant Ray is a case manager at the Federal Correctional Institution in Ashland, Kentucky. This is the facility where plaintiff served the sentence in question. Ray has presented uncontroverted evidentiary material to the effect that case managers at FCI Ashland have no responsibility for or control over sentence or parole release computation. Plaintiff fails to state a claim against this defendant.
 
 
 5
 Defendants Carlson and the Attorney General are alleged to be liable solely on the basis of respondeat superior. A Bivens action, as actions brought against state actors under 42 U.S.C. Sec. 1983, cannot be maintained only on a theory of respondeat superior. Dunn v. State of Tennessee, 697 F.2d 121 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983) (section 1983 complaint).
 
 
 6
 Finally, defendants Story and Peters, as federal prison administrators performing discretionary functions, appear to be cloaked with a grant of qualified immunity. They are thus shielded from liability for civil damages unless plaintiff can demonstrate that their conduct violated plaintiff's clearly established constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800 (1982). Plaintiff has failed in his attempt to strip these defendants of their grant of immunity by setting forth the single, unsupported allegation that the defendants in general acted with malice and in bad faith. While this assertion may serve to state a claim for relief, it will not overcome a legitimate claim of qualified immunity buttressed by documents reflecting an apparent good faith effort to resolve plaintiff's sentence computation concerns. Summary judgment was thus properly entered for these as well as the aforementioned defendants. We affirm.
 
 
 7
 It appearing therefore that the question on which decision of the cause depends is so unsubstantial as not to need further argument, Rule 9(d)(3), Rules of the Sixth Circuit,
 
 
 8
 It is ORDERED that the final order of the district court be and it is hereby affirmed.