812 F.2d 1406
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John R. FISER, Plaintiff-Appellant,
v.
Clyde H. BOWLING, Jr., Defendant-Appellee.
 No. 86-5059.
 United States Court of Appeals, Sixth Circuit.
 Jan. 22, 1987.
 
 Before ENGEL and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant filed a complaint pursuant to 42 U.S.C. Sec. 1983 based upon a claim of malicious prosecution in the district court for the Eastern District of Tennessee. In support of his claim for both compensatory and punitive damages, he alleged that appellee, an officer with the police department of Knoxville, Tennessee, had unlawfully and without a probable cause arrested him for driving while intoxicated. After first allowing him an opportunity to amend his complaint, the district court concluded that appellant had failed to state a claim upon which relief could be granted and therefore directed its dismissal pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Appellant thereafter filed this appeal.
 
 
 3
 The district court may properly dismiss an action under Rule 12(b)(6), Federal Rules of Civil Procedure, only if, assuming the truth of each factual allegation contained in the complaint, it concludes that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Windsor v. The Tennessean, 719 F.2d 155 (6th Cir.1983), cert. denied, 469 U.S. 826 (1984); Dunn v. State of Tennessee, 697 F.2d 121 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983). That standard has been satisfied in the present appeal. In order for a claim of malicious prosecution to give rise to a cause of action under 42 U.S.C. Sec. 1983, the plaintiff must allege that the institution of criminal proceedings against him deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States. As noted by the district court, not every state law claim for malicious prosecution rises to the level of a constitutional tort redressable under section 1983. It is only where the misuse of a legal proceeding is so egregious as to subject the aggrieved individual to a deprivation of constitutional dimensions that a claim under section 1983 is stated. The facts stated in appellant's complaint do not indicate action so egregious as to rise to the level of a constitutional tort redressable under 42 U.S.C. Sec. 1983.
 
 
 4
 The questions on which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, the district court's final order of December 4, 1985, hereby is AFFIRMED.