815 F.2d 80
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Floyd J. SPRUYTTE, Plaintiff-Appellant,
v.
Kim CONNER; Arvid Perrin, Defendants-Appellees.
 No. 86-1187.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1987.
 
 Before RYAN and BOGGS, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff appeals pro se from the district court's order dismissing his prisoner's civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 At the time he filed his complaint, the plaintiff was a prisoner at the State Prison of Southern Michigan in Jackson, Michigan. The defendants are a prison guard and a prison hearing officer. The complaint alleges that the prison guard incorrectly identified the plaintiff as a person who engaged in fighting. The plaintiff's proof on this issue is a prison infirmary report which shows that the plaintiff was not cut on the forearm as the prison guard said the guilty party was. The complaint further alleges that the prison guard filed false charges against the plaintiff, and that the hearing officer found the plaintiff guilty despite the lack of sufficient evidence.
 
 
 3
 The plaintiff argued that these actions violated his due process rights. He requested $70,000.00 in compensatory and punitive damages. After the defendants filed a motion to dismiss, the district court held that the plaintiff's due process claims were barred by the presence of adequate state remedies.
 
 
 4
 It is true that procedural due process claims can be barred by the presence of adequate, post-deprivation state remedies. Parratt v. Taylor, 451 U.S. 527, 540-41 (1981); Hudson v. Palmer, 468 U.S. 517, 533 (1984); Wilson v. Beebe, 770 F.2d 578, 584 (6th Cir.1985) (en banc ). In order to be barred, however, the acts of the prison officials must be random and unauthorized. Spruytte v. Walters, 753 F.2d 498, 509-10 (6th Cir.1985), cert. denied, --- U.S. ----, 106 S.Ct. 788 (1986); Wilson, supra. Here the acts of the prison officials were taken pursuant to authorized prison procedures. See Franklin v. Aycock, 795 F.2d 1253, 1262 (6th Cir.1986) (the deliberate decision to discipline is the crucial action). So the plaintiff's procedural due process claims are not barred by the presence of adequate state remedies.
 
 
 5
 The district court's order, nevertheless, can be affirmed on other grounds. The plaintiff's claim against the prison guard is in the nature of malicious prosecution. Section 1983 was not designed to redress all malicious prosecution claims; such claims must rise to the level of a constitutional violation. Dunn v. State of Tennessee, 697 F.2d 121, 125 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983). The plaintiff's allegations of misidentification simply do not rise to a constitutional level. Cf. Dunn, supra (search and seizure issue involved).
 
 
 6
 Concerning the hearing officer, the Supreme Court has held that the imposition of discipline upon a prisoner does not comport with the minimum requirements of procedural due process unless the findings of the hearing officer are supported by some evidence in the record. Superintendent, Massachusetts Correctional Institution v. Hill, --- U.S. ----, 105 S.Ct. 2768, 2773 (1985). The plaintiff has also failed to state a claim under this holding. The prison guard personally observed and clearly identified the plaintiff as the person who engaged in fighting, and the hearing officer could rely on this testimony despite the evidence in the record that attacked the prison guard's credibility. In addition, detailed testimony from a confidential informant supported the identification. So there was some evidence supporting the hearing officer's decision, and there was no due process violation.
 
 
 7
 The order of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.