815 F.2d 78
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William C. LEWIS, Plaintiff-Appellant,
v.
Paul A. VOLCKER, Chairman, Board of Governors Federal
Reserve System; Arthur D. Herrman, Chairman,
Board of Directors; Bancohio National
Bank, Defendants- Appellees.
 No. 86-3210.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1987.
 
 Before KENNEDY, JONES and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant filed a complaint pursuant to 42 U.S.C. Sec. 1983 in which he sought both money damages and injunctive relief as a result of the denial of his application for a business-operating loan by appellee Herrman who was acting in his capacity as Chairman of the Board of Directors of BancOhio National Bank. Appellant contended that the denial of his loan was taken with the approval of appellee Volcker, the Chairman of the Federal Reserve System Board of Governors. It was allegedly motivated solely because appellant was operating his business under an approved plan pursuant to Chapter 11 of the Bankruptcy Act. Plaintiff alleges that the denial of the loan was therefore contrary to various federal statutes including the Bankruptcy Act, 11 U.S.C. Sec. 101 et seq., the Full Employment and Balanced Growth Act, 15 U.S.C. Sec. 3101 et seq., and the Consumer Credit Protection Act, 15 U.S.C. Sec. 1601 et seq. However, he fails to point to any specific provision contained in those statutes which he claims to have been violated. Upon review of appellant's complaint, however, the district court concluded that he had failed to state a claim upon which relief could be granted and granted appellees' motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Appellant subsequently filed this appeal.
 
 
 3
 A district court may properly grant a motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, only if, assuming the truth of each factual allegation contained in the complaint, it can conclude that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Windsor v. The Tennessean, 719 F.2d 155 (6th Cir.1983), cert. denied, 469 U.S. 826 (1984); Dunn v. State of Tenn., 697 F.2d 121 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983). In applying that standard to this case, the district court did not err in granting appellees' motion to dismiss for failure to state a claim upon which relief could be granted. Specifically, even if the facts underlying appellant's application for a loan and its subsequent rejection are taken as true, neither the statutes relied upon by him nor the authorities construing those enactments prohibit the denial of credit on the basis that the borrower is operating pursuant to Chapter 11 under the supervision of the Bankruptcy Court. See 11 U.S.C. Sec. 101 et seq.; 15 U.S.C. Sec. 1601 et seq.; 15 U.S.C. Sec. 3101 et seq.
 
 
 4
 The questions upon which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, the district court's final judgment entered January 21, 1986, hereby is affirmed.