831 F.2d 297
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ermas William THOMAS, Plaintiff-Appellant,
v.
Charles HADDLE, Richard Deets, Darrell Ammom, Everett
Lykins, Dana Kolter, and David Stengel,
Defendants-Appellees.
 No. 87-5247
 United States Court of Appeals, Sixth Circuit.
 October 5, 1987.
 
 ORDER
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges and CONTIE, Senior Circuit Judge.
 
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff appealed the district court's dismissal with prejudice of his 42 U.S.C. Sec. 1983 suit for failure to state a claim upon which relief could be granted. In general, plaintiff claimed that the defendants conspired against him, the police conducted an incompetent investigation without probable cause for an arrest warrant, that he received ineffective assistance of counsel, that he did not receive a fair trial, and that the prosecutor abused his duties.
 
 
 3
 We conclude that the district court correctly dismissed the complaint pursuant to 28 U.S.C. Sec. 1915(d) for the following reasons.
 
 
 4
 First, plaintiff's conclusory allegations simply do not state a cause of action under 42 U.S.C. Sec. 1983. Smith v. Rose, 760 F.2d 102 (6th Cir. 1985). Plaintiff merely asserts that the defendants violated his due process rights during a fraud investigation and subsequent court proceeding, but he does not allege sufficient facts to identify any right that was infringed.
 
 
 5
 Second, plaintiff does not state a claim of unconstitutional malicious prosecution. Plaintiff does not allege that the trial terminated in his favor, which is an essential element of a malicious prosecution claim. Dunn v. Tennessee, 697 F.2d 121 (6th Cir. 1982), cert. denied sub nom., Wyllie v. Dunn, 460 U.S. 1086 (1983).
 
 
 6
 Third, plaintiff's conclusory allegations do not establish that there was a conspiracy against him, thus, he does not state a cause of action under 42 U.S.C. Sec. 1983. Smith, 760 F.2d 102.
 
 
 7
 Fourth, defendant Ammon is immune from liability for testifying at plaintiff's trial. Briscoe v. Lahue, 460 U.S. 325 (1983).
 
 
 8
 Fifth, plaintiff does not state a valid claim for false arrest cognizable under 42 U.S.C. Sec. 1983 because he has not alleged facts showing the lack of probable cause nor that the means of effecting the arrest were unreasonable. See Dugan v. Brooks, 818 F.2d 513 (6th Cir. 1987).
 
 
 9
 Finally, plaintiff does not state a cause of action under 42 U.S.C. Sec. 1985. Plaintiff has not alleged that he was deprived of equal protection or equal privileges and immunities. Dunn, 697 F.2d 121.
 
 
 10
 Accordingly, the district court's judgment is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit.