852 F.2d 1288
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Timothy Michael SONCRANT, Plaintiff-Appellant,
v.
Joe PARKER, Carroll County Sheriff's Department, and Ronnie
Webb, Defendants- Appellees.
 No. 87-6113.
 United States Court of Appeals, Sixth Circuit.
 July 29, 1988.
 
 Before MERRITT and KRUPANSKY, Circuit Judges and BAILEY BROWN, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 Plaintiff alleged in his 42 U.S.C. Sec. 1983 civil rights complaint against the "Sheriff's Department" and two employees thereof that his substantive due process rights were violated when the defendant Webb used excessive force in subduing plaintiff during an altercation. The district court granted summary judgment for all the defendants.
 
 
 2
 Plaintiff alleged that defendant Webb kicked him in the eye after he was already restrained on the floor by another corrections officer. The district court erred in granting summary judgment as to defendant Webb. In Johnson v. Glick, 481 F.2d 1028 (2d Cir.), cert. denied, 414 U.S. 1033 (1973), the court enunciated four factors to consider when determining whether a prison official violated an inmate's constitutional rights by the use of excessive force. The fourth Johnson factor was whether the force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose of causing harm. See Johnson, 481 F.2d at 1033.
 
 
 3
 The record here, interpreted on summary judgment in the light most favorable to plaintiff, indicates that the defendant Webb kicked the plaintiff after he was subdued by another corrections officer. (See affidavit of defendant Parker.) Thus, a genuine issue of material fact exists; namely, whether the kicking was a good faith effort to restore discipline, or whether it was done maliciously for the purpose of causing harm. Consequently, the district court erred in granting summary judgment as to defendant Webb.
 
 
 4
 As to the defendant Carroll County Sheriff's Department, the district court properly granted it summary judgment because Sec. 1983 liability cannot be based upon a theory of respondeat superior. See Monell v. New York Dep't of Social Services, 426 U.S. 658, 691 (1978).
 
 
 5
 Lastly, summary judgment as to defendant Parker was likewise proper because there was no allegation that Parker was personally involved in the physical abuse. See Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir.1982); Coffy v. Multi-County Narcotics Bureau, 600 F.2d 570, 580 (6th Cir.1979).
 
 
 6
 Accordingly, the judgment as to the defendants, the Sheriff's Department and Parker, is affirmed and the judgment as to the defendant Webb is reversed and the case against him remanded for further proceedings.