856 F.2d 195
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald I. QUIMBY, Plaintiff-Appellant,
v.
Richard P. SEITER, et al., Defendants-Appellees.
 No. 88-3382.
 United States Court of Appeals, Sixth Circuit.
 Sept. 7, 1988.
 
 Before LIVELY, RYAN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This pro se plaintiff appeals a judgment of the district court which dismissed his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. He now moves for leave to proceed in forma pauperis and for the appointment of counsel. Upon review of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff is an inmate at the Marion, Ohio Correctional Facility. As the basis of his request for both injunctive relief and monetary damages, he asserted four general claims including: 1) the denial of adequate medical care in violation of the eighth amendment; 2) the denial of his right to due process due to defects in the prison disciplinary procedures in force at the Marion Correctional Institution; 3) a deprivation of his due process rights due to inadequacies inherent in grievance procedures available at the institution; and 4) the deprivation of his property without due process due to limitations placed on his ability to receive money from sources outside the prison. Defendants responded to the complaint by filing a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). The defendants argued that plaintiff had not alleged facts sufficient to show that he was deprived of a constitutional right giving rise to a cause of action under 42 U.S.C. Sec. 1983. The district court agreed with that contention and therefore dismissed the complaint.
 
 
 3
 A district court may properly dismiss an action for failure to state a claim for which relief can be granted under Fed.R.Civ.P. 12(b)(6) only if it can conclude that the plaintiff could prove no set of facts which would entitle him to relief. Windsor v. The Tennessean, 719 F.2d 155 (6th Cir.1983); Dunn v. Tennessee, 697 F.2d 121 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983). In making that determination, the court is to assume the truth of each of the allegations appearing in the complaint, but only to the extent that they are not general and conclusory in nature unsupported by the pleading of specific facts. Ana Leon T. v. Federal Reserve Bank of Chicago, 823 F.2d 928, 930 (6th Cir.) (per curiam), cert. denied, --- U.S. ---, 108 S.Ct. 333 (1987).
 
 
 4
 The district court correctly applied those standards in dismissing the claims raised in plaintiff's complaint. In particular, insofar as it concerns the quality of the medical care afforded him and the defects which he believes to be present in both the prison's disciplinary and grievance procedures, plaintiff has provided only general, conclusory statements as to their inadequacy. Further, the complaint contains no indication that he was ever harmed in consequence of those alleged failings. Under the above standards such allegations are not sufficient to give rise to a cause of action under 42 U.S.C. Sec. 1983 and the district court properly dismissed the plaintiff's claims as to those matters.
 
 
 5
 Likewise, the district court did not err in dismissing plaintiff's claim that defendants had deprived him of his property without due process by limiting his ability to receive money from sources outside the prison. The defendants possess a reasonable interest in controlling both the amount and source of funds received by inmates. Accordingly, the district court correctly concluded that plaintiff's complaint failed to state a claim with respect to the restrictions placed on his receipt of money from outside the prison. Bell v. Wolfish, 441 U.S. 520, 546 (1979).
 
 
 6
 The motion for leave to proceed in forma pauperis is granted and the motion for appointment of counsel is denied, and the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.