875 F.2d 865
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles MCMURRAY, Plaintiff-Appellant,
v.
Perry JOHNSON, Barry Mintzes, Dale Foltz, James Pogats,
Deputy Warden Anderson, Counselor Taylor,
Counselor Bailey, Counselor Wooten,
Defendants-Appellees,
Officer Sholes, Greg Mahon, Officer Lantis, Defendants.
 No. 88-1943.
 United States Court of Appeals, Sixth Circuit.
 April 18, 1989.
 
 Before NATHANIEL R. JONES, WELLFORD and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 Charles McMurray, a Michigan prisoner appeals pro se the district court's judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 McMurray sued the former Director of the Michigan Department of Corrections, and former and present wardens, counselors and officers of the State Prison of Southern Michigan. He claimed that they violated his rights under the eighth amendment when they failed to protect him from inmate assaults, particularly a stabbing in 1981.
 
 
 3
 The district court initially dismissed the Director of the Michigan Department of Corrections and the wardens from the action. Thereafter, it granted the remaining defendants summary judgment concluding that they were not deliberately indifferent to McMurray's risk of harm.
 
 
 4
 Upon consideration, we conclude the district court properly dismissed McMurray's suit. The Director of the Department of Corrections and the wardens were not participants in the alleged misconduct, and they cannot be held liable under Sec. 1983 solely on the basis of respondeat superior. See Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.1984); Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), cer. denied, 460 U.S. 1086 (1983). Regarding the remaining defendants, the record fails to support an eighth amendment violation as the defendants were simply not deliberately indifferent to McMurray's risk of harm. See Whitley v. Albers, 475 U.S. 312, 320 (1986); McGhee v. Foltz, 852 F.2d 876, 881 (6th Cir.1986).
 
 
 5
 Accordingly, the judgment of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.