888 F.2d 128
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marvin D. MAYBERRY, Plaintiff-Appellant,
v.
Brad SETTLIS; Judy Cotton; John Doe; Marjorie Van Ochten,
Defendants-Appellees.
 No. 89-1302.
 United States Court of Appeals, Sixth Circuit.
 Oct. 27, 1989.
 
 Before KEITH, NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 Marvin D. Mayberry, a Michigan prisoner proceeding pro se and in forma pauperis, appeals the judgment of the district court dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Mayberry alleged that his constitutional rights were violated because the defendants refused to investigate his allegations of prison staff corruption and that because of his allegations, he has been the subject of staff retaliation, harassment and arbitrary treatment. The defendants include a prison corrections officer, a hearings investigator, and unknown hearings officer, and a hearings administrator.
 
 
 3
 The district court dismissed the plaintiff's complaint pursuant to Sec. 1915(d) and Malone v. Colyer, 710 F.2d 258, 260-61 (6th Cir.1983), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Upon review, we hold that the plaintiff's complaint is not "frivolous" under the newly announced standard set forth in Neitzke v. Williams, 109 S.Ct. 1827 (1989), and is therefore not amenable to dismissal under 28 U.S.C. Sec. 1915(d).
 
 
 4
 Mayberry's allegation that he was the subject of retaliation as a result of filing a prison grievance facially states a claim for a violation of substantive due process. See Cale v. Johnson, 861 F.2d 943, 950 (6th Cir.1988). His complaint is not, therefore, based upon an indisputably meritless legal theory and was not properly dismissed pursuant to 28 U.S.C. Sec. 1915(d). Neitzke, 109 S.Ct. at 1833. Furthermore, Mayberry should be permitted on remand to amend his pleadings to name the specific defendants who are allegedly at fault, Berndt v. Tennessee, 746 F.2d 879, 882 (6th Cir.1986), as his suit cannot proceed against certain defendants under a theory of respondeat superior. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983).
 
 
 5
 Accordingly, we hereby vacate and remand the judgment of the district court pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.