959 F.2d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond JACKSON, Plaintiff-Appellant,
v.
UNITED STATES of America; U.S. Marshals Service; Federal
Bureau of Prisons; Richard Thornburgh; Lawrence
Talon; Frank J. Kelley Attorney
General; Warfield Moore,
Judge, Defendants-Appellees.
 No. 91-1294.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1992.
 
 Before NATHANIEL R. JONES, BOGGS and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Raymond Jackson, a pro se federal prisoner, appeals from the district court's sua sponte dismissal of his complaint filed pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Additionally, he requests the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Jackson's complaint alleged that unknown United States Marshals, unknown Federal Bureau of Prisons employees, United States Attorney General Richard Thornburgh, Michigan Attorney General Frank J. Kelley, Assistant Prosecutor Lawrence Talon, and Judge Warfield Moore of the Recorder's Court of the City of Detroit, conspired to deprive him of his rights under the Interstate Agreement on Detainers and under the Uniform Criminal Extradition Act. Judge Moore issued a writ of habeas corpus ad prosequendum for Jackson's immediate return to Michigan for prosecution. Jackson claimed that he was denied pretransfer rights pursuant to the provisions of the Uniform Criminal Extradition Act.
 
 
 3
 The district court held: 1) that Jackson's rights were not violated under the Interstate Agreement on Detainers since a writ of habeas corpus ad prosequendum is not a detainer for the purposes of the Interstate Agreement on Detainers, see United States v. Mauro, 436 U.S. 340, 361 (1978); 2) that Assistant Prosecutor Lawrence Talon was entitled to prosecutorial immunity, see Imbler v. Pachtman, 424 U.S. 409, 431 (1976); 3) that Judge Moore was entitled to judicial immunity, see Stump v. Sparkman, 435 U.S. 349, 356 (1978); 4) that Jackson failed to allege that defendants Thornburgh and Kelley personally violated his rights, see Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), cert denied, 460 U.S. 1086 (1983); and that the doctrine of respondent superior does not apply to § 1983 actions, see Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978); 5) that Jackson was not entitled to the protection of the Extradition Act nor to a pretransfer hearing under the Act while he was in federal custody, see Cuyler v. Adams, 449 U.S. 433, 435 n. 1 (1981); and 6) that the suit against the United States was barred under the doctrine of federal sovereign immunity, see Nuclear Transport & Storage, Inc. v. United States, 890 F.2d 1348, 1352 (6th Cir.1989), cert. denied, 110 S.Ct. 1807 (1990).
 
 
 4
 Upon review, we affirm the district court's decision. This complaint was properly dismissed pursuant to 28 U.S.C. § 1915(d), as it lacked any arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Accordingly, the request for counsel is denied and the district court's order is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.