* The Honorable Richard Mills, United States District Judge for the Central District of Illi-

Ruben R. SALINAS, Plaintiff–
Appellant,

v.

G. BROWN, et al., Defendants–
Appellees.

No. 03–5903.

United States Court of Appeals,
Sixth Circuit.

March 10, 2004.

Before MARTIN and CLAY, Circuit Judges; and MILLS, District Judge.*

*ORDER*

Ruben R. Salinas, a pro se pre-trial detainee, appeals a district court judgment dismissing his civil rights complaints filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Salinas filed four complaints against the same three defendants: G. Brown, Director of Detention; Fayette County De-

nois, sitting by designation.

tention Center; and Lexington–Fayette County Urban Government. In the first complaint, Salinas asserted that his Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated because detention center employees did not put on new latex gloves before searching each cell. In the second complaint, Salinas asserted that his First, Fifth, Eighth, and Fourteenth Amendment rights were violated because he was denied vegetarian meals due to a lack of a religious or medical need. In the third complaint, Salinas asserted that his Fifth, Eighth, and Fourteenth Amendment rights were violated because he was scientifically certain that the lights at the detention center were too bright for normal. healthful sleep. In the fourth complaint, Salinas asserted that his First, Fifth, and Fourteenth Amendment rights were violated because the detention center's cable television offerings included only one religious program, which was biased, inflammatory, fundamentalist, and right-wing. Salinas stated in each complaint that he had been told that his claims were non-grievable. The district court granted pauper status to Salinas and simultaneously dismissed all four complaints under 28 U.S.C. § 1915A for failure to state a claim.

Salinas has filed a timely appeal, essentially reasserting the claims raised in his complaints. Salinas also moves for the appointment of counsel.

Upon de novo review, we conclude that the district court properly dismissed the complaints pursuant to 28 U.S.C. § 1915A for failure to state a claim. *See Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000); *Wright v. MetroHealth Med. Ctr.,* 58 F.3d 1130, 1138 (6th Cir.1995). The complaints contained no allegations against any of the named defendants. *See Dunn v. Tennessee,* 697 F.2d 121, 128 (6th Cir.1982). Salinas did not allege that the defendants had authorized or participated in the alleged constitutional deprivations or had established policies on the matters. Salinas also failed to allege that he had suffered actual injury, such as disease, malnutrition, the inability to sleep, or the inability to practice his own religion. Federal courts lack jurisdiction in the absence of an actual or imminent injury. *Miyazawa v. City of Cincinnati,* 45 F.3d 126, 127 (6th Cir. 1995).

Accordingly, all pending motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.