NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0986n.06

No. 11-6104

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Sep 07, 2012*
DEBORAH S. HUNT, Clerk

DARRELL WINGO,                                  )
                                                )
    Plaintiff-Appellant,                        )
                                                )
v.                                              )    ON APPEAL FROM THE UNITED
                                                )    STATES DISTRICT COURT FOR
TENNESSEE DEPARTMENT OF                          )    THE WESTERN DISTRICT OF
CORRECTIONS; TONY PARKER, et al.,               )    TENNESSEE
                                                )
    Defendants-Appellees.                       )


Before:  MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.*

PER CURIAM.  Darrell Wingo, a pro se Tennessee prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983.

Seeking monetary damages, Wingo sued the Tennessee Department of Correction; the Department's Assistant Commissioner Rueben Hodge; Tennessee's Northwest Correctional Complex; the prison's then-Warden Tony Parker; five correctional officers employed at the prison (Jeff Mills, Michael Mac Edmondson, Alfred Gifford, Rex Edmondson, and Tolley); the Tennessee Rehabilitative Initiative in Correction (TRICOR); and two TRICOR supervisors (Barry Ray and Jeff Northcott).

Wingo claimed that while he worked at his TRICOR job, Rex Edmondson subjected him to harsh and derogatory language–like calling him a "punk"–that constituted sexual harassment.  After

---

*The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

complaining about Rex Edmondson's conduct, Wingo claims that his cell was searched in retaliation, "possibly at the request of Rex Edmondson." Wingo alleged that Gifford, Tolley, and Michael Edmondson tried to intimidate him by "looking directly at him," and that Rex Edmondson, Michael Edmondson, and Jeff Northcott "positioned themselves so that they could place [him] in their direct line of sight."

Wingo further claimed that the TRICOR supervisors should have intervened; Jeff Mills failed to investigate the unprofessional conduct of the correctional officers; TRICOR failed to enforce its policies; and Warden Parker, Assistant Commissioner Hodge, and the Department failed to enforce the Department's policies designed to prevent harassment, verbal abuse, and retaliation.

The district court dismissed Wingo's civil rights action as frivolous or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), and certified that an appeal would not be taken in good faith. Thereafter, Wingo filed a timely notice of appeal and moved the district court for relief from judgment under Federal Rule of Civil Procedure 60(b). In his Rule 60(b) motion, Wingo claimed that he inadvertently failed to attach certain documents to his complaint that would have given factual support to his allegations. He also sought to file an amended complaint. The district court denied Wingo's motion.

On appeal, Wingo challenges the district court's judgment dismissing his civil rights complaint. However, to the extent he refers to the district court's rationale for denying his Rule 60(b) motion, Wingo's appeal is precluded because he failed to file an amended notice of appeal after the district court denied his Rule 60(b) motion. *See* Fed. R. App. P. 4(a)(4)(B)(ii). In addition, to the extent that Wingo sought to file an amended complaint, there exists no provision for allowing a party to file an amended complaint after judgment has been rendered, as is the case here.

We review de novo a judgment dismissing a suit for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Both sections 1915A and 1915(e) require district courts to screen cases at

the moment of filing and to sua sponte dismiss those complaints that are frivolous or fail to state a claim for relief. *Grinter v. Knight*, 532 F.3d 567, 571-72 (6th Cir. 2008). In determining whether a complaint states a plausible claim for relief, we accept all its non-conclusory allegations as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Wingo's complaint fails to state a plausible claim for relief against the Department of Correction or the prison. The Department and the prisons under its control are agencies of the state of Tennessee, *see Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), and are entitled to Eleventh Amendment immunity from suit for damages. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). Tennessee has not waived its sovereign immunity. Tenn. Code Ann. § 20-13-102(a).

Wingo's complaint fails to state a plausible claim for relief against Warden Parker and Assistant Commissioner Hodge because his claim against these individuals is based solely upon a theory of respondeat superior. The doctrine of respondeat superior does not apply in section 1983 lawsuits to impute liability onto supervisory personnel. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), or at least acquiesced in the alleged unconstitutional activity of a subordinate. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Wingo made no such allegation against Warden Parker or Assistant Commissioner Hodge. Rather, he merely alleged that they failed to enforce Department policies to prevent harassment, verbal abuse, and retaliation.

Wingo's complaint fails to state a plausible claim for relief against Mills, Ray, and TRICOR because Wingo did not allege any specific acts by these defendants. Wingo alleged that Mills failed to investigate the unprofessional conduct of the correctional officers, and that TRICOR and TRICOR Supervisor Ray failed to enforce TRICOR policies. He did not, however, allege any specific conduct

by these defendants indicating direct, active participation in the alleged misconduct. *See id.* Thus, Wingo's complaint failed to state a plausible claim for relief against these defendants.

Wingo's complaint fails to state a plausible claim for relief against Rex Edmondson, Michael Edmondson, Gifford, Northcott, and Tolley. Wingo alleged that these defendants violated his constitutional rights by verbally harassing him and staring. Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987).

Finally, to the extent that Wingo claimed that he was the victim of retaliation, he failed to state a plausible claim for relief. Wingo alleged that after complaining about Rex Edmondson's conduct, his cell was searched in retaliation, "possibly at the request of Rex Edmondson." Wingo's allegation of retaliation is conclusory and insufficient to state a claim because he set forth no facts which would support his contention that the defendants were motivated by retaliation. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

We affirm the district court's judgment.