820 F.2d 405
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Henry BEARD, Plaintiff-Appellant,
v.
Michael DUTTON, James Vandever, Lt. Crary, Rosa Johnson, Joe
Sargeant, Charles Tracy, and Alvis Hutchinson,
Defendants-Appellees.
 No. 86-5386.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1987.
 
 Before WELLFORD, MILBURN and NELSON, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 This pro se plaintiff, who is an inmate at the Tennessee State Penitentiary (TSP), appeals a district court order which dismissed his 42 U.S.C. Sec. 1983 complaint for failure to state a claim upon which relief can be granted.
 
 
 3
 In making its decision, after reference to and a report from the magistrate, the district court relied on the entire record, including affidavits, not merely the pleadings; we construe the decision as an award of summary judgment rather than a failure to state a claim. See Rogers v. Stratton Industries, Inc., 798 F.2d 913, 915 (6th Cir.1986).
 
 
 4
 In an interlocutory order dated November 15, 1985, the district court properly dismissed the complaint regarding those defendants against whom plaintiff did not allege personal involvement in the unconstitutional activities alleged in the complaint. Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983).
 
 
 5
 We conclude that the plaintiff failed to establish that his procedural due process rights were violated as to the other defendants. See Wolff v. McDonnell, 418 U.S. 539 (1974), and Hewitt v. Helms, 459 U.S. 460 (1983). The fact that plaintiff presented the disciplinary board with exculpatory evidence which it chose not to believe in making its finding of guilt is no basis for the alleged cause of action. The disciplinary board based its decision on the testimony of an officer who was an eyewitness to the assault. The board's reliance on this evidence in finding guilt is sufficient to satisfy due process requirements. Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445 (1985).
 
 
 6
 With respect to plaintiff's allegations that he was being kept in administrative segregation for reasons other than the assault and in violation of procedural due process, the record clearly establishes that he was afforded periodic reviews of his status and reasons for his continued segregation.
 
 
 7
 The district court did not address plaintiff's allegations of cruel and unusual punishment and violation of certain Tennessee statutes. Since plaintiff failed to object, he is deemed to have waived appellate review of these issues. United States v. Walters, 638 F.2d 947 (6th Cir.1981).
 
 
 8
 Since there was demonstrated no violation of clearly established statutory or constitutional rights, moreover, the defendants enjoyed qualified immunity from liability for civil damages. See Cleavinger v. Saxner, --- U.S. ---, 106 S.Ct. 496 (1985); Hewitt v. Helms, 459 U.S. 460 (1983).
 
 
 9
 For these reasons, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.