877 F.2d 62
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stanley KWIATKOWSKI, Plaintiff-Appellant,
v.
The CITY OF INDEPENDENCE, OHIO, Gregory Kurtz, Mayor,
Anthony M. Appenzeller, Chief of Police; Dale
Christ, Lt., Fred Wright, Capt., John
Doe, Officers John & Jane Doe
1-50, Defendants-Appellees.
 No. 88-3076.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1989.
 
 Before KENNEDY, RALPH B. GUY and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff brought this civil rights action under 42 U.S.C. Secs. 1981 and 1983 to redress constitutional rights deprivations allegedly suffered on March 20, 1986. On that date plaintiff was arrested at his home by members of the police force of the City of Independence, Ohio. The instant complaint, filed October 7, 1987, sounds in malicious prosecution, false arrest, assault and battery, and failure to train adequately the arresting officers. The district court ultimately dismissed the complaint as untimely, relying on this court's holding in Mulligan v. Hazard, 777 F.2d 340, 344 (6th Cir.1985), cert. denied, 476 U.S. 1174 (1986). The parties have briefed the issues, plaintiff proceeding pro se and moving for the appointment of appellate counsel.
 
 
 3
 Upon consideration, we must vacate the judgment on appeal and remand for further proceedings. Following the decision in the case at bar the Sixth Circuit, sitting en banc, held that a two year limitation period should be applied to civil rights actions arising from Ohio. Browning v. Pendleton, 869 F.2d 989 (6th Cir.1989) (en banc).
 
 
 4
 We also draw the district court's attention to two other points. The complaint raises fourth amendment issues that should be considered in light of Feaster v. Miksch, 846 F.2d 21, 23-24 (6th Cir.), cert. denied, 109 S.Ct. 148 (1988). In addition, we note that the inartfully pleaded complaint may have led the district court to misconstrue the accrual date of a malicious prosecution claim as the date of the arrest rather than the favorable termination of the underlying criminal proceeding. McCune v. City of Grand Rapids, 842 F.2d 903, 905 (6th Cir.1988) (citing Dunn v. Tennessee, 697 F.2d 121, 126-27 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983)).
 
 
 5
 Accordingly, the motion for counsel is denied and the district court judgment is vacated and remanded for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.