887 F.2d 1086
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry COTHAM, Plaintiff-Appellant,
v.
W. Jeff REYNOLDS; Larry Lack, Warden; Donal Campbell,
Warden; John Doe, Associate Warden Treatment; M.
Slaughter, Associate Warden Treatment; Walls, Dr.; S.
King, Dr.; Jones, Dr.; D. Beach, Dr.; Jim Rose; McGooch,
Hospital Administrator, Defendants-Appellees.
 No. 89-5383.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1989.
 
 Before KEITH, MILBURN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Larry Cotham, a pro se Tennessee prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Cotham is an inmate at the Turney Center Industrial Center. Seeking monetary relief, Cotham sued various administrative and medical personnel at Turney and at the Middle Tennessee Reception Center alleging that they violated his eighth amendment rights when they were deliberately indifferent to his serious medical need. Plaintiff injured his neck in 1986. He alleged that the defendant medical personnel were negligent in diagnosing and treating his ailment because his condition has continually deteriorated since the accident. Cotham also attempted to hold the defendant administrative personnel liable under a theory of respondeat superior for the medical personnel's failure to find out what was causing his pain.
 
 
 3
 The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d) finding that a claim for negligent medical treatment was not cognizable under Sec. 1983. The court further found that the theory of respondeat superior could not support a claim under Sec. 1983. The court later denied Cotham's motion for reconsideration.
 
 
 4
 On appeal, Cotham reasserts his claim and request the appointment of counsel.
 
 
 5
 Upon review, we deny the request for counsel and affirm the district court's judgment because his suit is legally baseless as it is clearly premised on mere negligence. See Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). Cotham has received extensive medical care since his injury in 1986. In fact, plaintiff filed an affidavit with his complaint outlining exactly what medical treatment he has received. Cotham does not allege that he has been denied medical attention. Rather, he is dissatisfied with the treatment he has received because his condition has worsened as his pain has increased over the years. This complaint has no arguable basis in law because allegations of medical malpractice for negligent diagnosis and treatment are simply not cognizable under Sec. 1983. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir.1976).
 
 
 6
 Moreover, the district court properly dismissed the administrative defendants because there was no allegation that they were personally involved in the medical decision-making process. See Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983); Hays v. Jefferson County, 668 F.2d 869, 872 (6th Cir.1982).
 
 
 7
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.