904 F.2d 708
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John J. PELUSO, Plaintiff-Appellant,
v.
Marvin SMITH; Bert Berg; Charles Schaffner; Charles
Bacher; James Kidney; Patrick Conley; James Arehart;
Irene Deaton; Paul H. Twehues; George Rawlings; William
O. Bertelsman, Judge; Carl Hayes, Probation Officer,
Defendants-Appellees.
 No. 89-4060.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1990.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 John J. Peluso moves for the appointment of counsel on appeal from the dismissal of a civil rights action filed under 42 U.S.C. Secs. 1983 and 1985. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Peluso, a former mayor of Newport, Kentucky, and now a paroled federal convict, brought suit on December 19, 1988, against various officials involved in his 1985 convictions for perjury and extortion. Peluso alleged the defendants conspired to violate his civil rights. He sought damages, declaratory and injunctive relief.
 
 
 3
 The case was assigned to a magistrate by consent of the parties. Upon motion by the defendants, the magistrate issued an order for plaintiff to show cause why the case should not be dismissed for lack of prosecution, or alternatively, for failure to file within the statute of limitations. After considering plaintiff's response, the magistrate concluded that the claim was barred by the statute of limitations, and dismissed the action as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 4
 Upon consideration, we conclude that the action was properly dismissed under Sec. 1915(d), as it lacks any arguable basis in fact or law. See Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). The acts complained of were alleged to occur prior to plaintiff's conviction in 1985, yet this action was not filed until December, 1988; it is thus barred by the two year statute of limitations on Sec. 1983 actions filed in Ohio. See Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989) (en banc). Peluso's allegations of poor health and missing records are insufficient to toll the running of the statute.
 
 
 5
 Alternatively, if the complaint is construed as stating a claim for malicious prosecution, no such claim has yet accrued as the underlying criminal proceeding has not resulted in an outcome favorable to the accused, an essential element of such a cause of action. See McCune v. City of Grand Rapids, 842 F.2d 903, 906-07 (6th Cir.1988); Dunn v. State of Tennessee, 697 F.2d 121, 126 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983).
 
 
 6
 Accordingly, the motion for counsel is denied and the dismissal of this case affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.