909 F.2d 1483
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steve GREEN, Plaintiff-Appellant,
v.
Stephen T. SMITH; Domingo C. Baisas; John Wigginton,
Defendants-Appellees.
 No. 89-6522.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1990.
 
 1
 Before WELLFORD and SUHRHEINRICH, Circuit Judges; and SAM H. BELL, District Judge.*
 
 ORDER
 
 2
 Steve Green, a pro se Kentucky prisoner, appeals the summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff sued the warden of the Luther Luckett Correctional Complex (Luther Luckett), the Medical Director at Luther Luckett, and the Secretary of the Kentucky Corrections Cabinet alleging that he is being subjected to cruel and unusual punishment because of the defendants' deliberate indifference to his serious medical need. Plaintiff sought injunctive and monetary relief.
 
 
 4
 A magistrate determined that medical reports indicated that plaintiff was examined and treated at the institution on numerous occasions over a five month period in 1989 and was examined and treated at the Veterans Administration Hospital on at least two occasions in August, 1989. The magistrate concluded that plaintiff's allegations regarding a denial of adequate medical treatment did not rise to the level of a constitutional violation. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). The magistrate further concluded that plaintiff failed to state a claim against defendants Smith and Wigginton. See Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983). Despite plaintiff's objections, the district court adopted the magistrate's report and recommendation recommending that summary judgment be entered in favor of the defendants.
 
 
 5
 Upon consideration, we conclude that the district court properly granted summary judgment as there were no genuine issues of material fact and the defendants were entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). In addition, we also conclude that summary judgment is appropriate insofar as plaintiff sought damages against the prison officials. Where the face of the complaint does not indicate that a suit is against officers in their individual capacities, the suit is deemed to be against the officers in their official capacities. Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989). State officers acting in their official capacities are not persons under section 1983 and cannot be sued for damages under that statute. Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311 (1989).
 
 
 6
 Accordingly, the request for counsel is denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Sam H. Bell, U.S. District Judge for the Northern District of Ohio, sitting by designation