915 F.2d 1570
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard L. CARTER, Plaintiff-Appellant,
v.
John JABE, Wayne Jackson, Richard Cady, Gerald Hofbauer,
John Hawley, Tom Osier, Wayne Stine, Tom Laitinen,
Paddy Malone, Robert Wood, Bruce
Forstrom, Defendants-Appellees.
 No. 90-1288.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1990.
 
 Before NATHANIEL R. JONES and WELLFORD, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Richard L. Carter, a pro se Michigan prisoner, appeals the district court's order dismissing as frivolous his civil rights complaint filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Carter sued Jabe and ten other state prison officials for violating his due process rights by confining him indefinitely in administrative segregation. Carter further alleged that the defendants violated his right to equal protection by releasing a co-defendant into the general prison population while he remained in segregation.
 
 
 3
 Defendants Jabe, Jackson, Cady, and Hofbauer are, according to Carter's complaint, employed at the State Prison of Southern Michigan at Jackson, Michigan. The other defendants presumably are employed at Marquette Branch Prison, where Carter was confined at the time he filed his complaint. None of the defendants' positions at these institutions were specified; nor did Carter indicate on the face of his complaint whether he was suing the defendants in their individual or official capacity.
 
 
 4
 Carter requested an order directing that he be released from segregation, or that the defendants show cause as to why his co-defendant, Michael Kemp, was returned to the general prison population while he was not. Carter also sought damages of $100 per each day of illegal confinement, and $10,000 for mental anguish and intentional infliction of emotional distress.
 
 
 5
 The district court sua sponte dismissed Carter's complaint as frivolous under 28 U.S.C. Sec. 1915(d). The court held that since Carter did not allege how each defendant had personally acted to deprive him of his civil rights, his complaint lacked an arguable basis in fact.
 
 
 6
 On appeal, Carter argues that the court: (1) erred in dismissing his complaint before service on the defendants or granting him an opportunity to amend his complaint, and (2) erred in finding that he did not present specific factual allegations. Carter also argues that the district court should have appointed counsel when it found his pro se allegations lacking in areas that a lawyer would not have omitted. In his brief, Carter requests the appointment of counsel.
 
 
 7
 We shall vacate the district court's order because, under the very liberal Neitzke standard of review, Carter's complaint does not lack an arguable basis in law or fact. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989).
 
 
 8
 Carter's first argument, which relies on Tingler v. Marshall, 716 F.2d 1109 (6th Cir.1983), lacks merit because Tingler procedures are not applicable to sua sponte dismissals as frivolous where the court, as in this case, expressly cites to 28 U.S.C. Sec. 1915(d). Harris v. Johnson, 784 F.2d 222, 223 (6th Cir.1986).
 
 
 9
 However, Carter's second argument is well taken. It was premature to dismiss Carter's complaint at this stage because he does allege colorable due process and equal protection violations by the defendants. The district court's reliance upon Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.), cert. denied, 460 U.S. 1086 (1983) and Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir.1977), is misplaced because both of these cases involved dismissals under Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief can be granted. The standard of review for a Fed.R.Civ.P. 12(b)(6) dismissal differs from the more liberal 28 U.S.C. Sec. 1915(d) standard. Compare Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988) with Neitzke v. Williams, 109 S.Ct. at 1831. Unlike Scheid, Neitzke merely requires an arguable basis to sue. Carter's complaint does provide an arguable basis to sue and thus survives this initial scrutiny; but, unless the deficiencies of his complaint are cured on remand, it is possible that it may not survive a future motion to dismiss for failure to state a claim. Furthermore, since Carter has not named the defendants in their individual capacity, they may not be held liable for monetary damages for actions taken within the scope of their official duties. Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311 (1989); Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989).
 
 
 10
 In light of our disposition of this case, we do not reach Carter's argument that he should have been appointed counsel by the district court.
 
 
 11
 Accordingly, the request for counsel is denied. The district court's order dismissing Carter's complaint is hereby vacated and the case is remanded for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.