41 F.3d 1508
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Phillip G. TATE, Plaintiff-Appellant,
v.
Reginald A. WILKINSON, Director of Ohio Department of
Rehabilitation and Correction; Dennis A. Baker,
Warden, Mansfield Correctional
Institution, Defendants-Appellees.
 No. 94-3369.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1994.
 
 1
 Before: KENNEDY and SILER, Circuit Judges, and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 Phillip G. Tate, a pro se Ohio prisoner currently incarcerated at the Trumbull County Correctional Facility, appeals a district court judgment dismissing as frivolous this civil rights complaint filed under 42 U.S.C. Sec. 1983. See 28 U.S.C. Sec. 1915(d). The defendants include the Ohio Department of Rehabilitation and Correction Director (Reginald A. Wilkinson) and the Mansfield Correctional Institution (MANCI) Warden (Dennis A. Baker). They are sued in their individual and official capacities. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking injunctive and monetary relief, Tate alleged that while he was a prisoner at MANCI, he was stabbed with a makeshift weapon by another inmate after defendant Baker had been notified that a ping-pong table post was missing from Tate's pod. Tate alleged that the missing post was fashioned into the weapon with which Tate was attacked. Tate argues that because the defendants did not order a prison-wide search for the missing item, they acted with deliberate indifference to his safety in violation of his Eighth Amendment rights. The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d), finding that the complaint set forth, at most, a claim of negligence which did not rise to the level of a constitutional violation under 42 U.S.C. Sec. 1983. Upon reconsideration, the district court adhered to its original order of dismissal.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion when it dismissed Tate's complaint as frivolous. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Tate has not alleged the requisite deliberate indifference necessary to state a viable Eighth Amendment claim. See Nelson v. Overberg, 999 F.2d 162, 165 (6th Cir.1993). Tate asserted only three specific incidents of violence that occurred prior to his November 1993 injury: (1) an attack on a prison guard in June 1992; (2) a hostage taking of two prison employees in December 1992; and (3) an attack on another prisoner in September 1991. Other than these specific incidents, which occurred within a period of 15 months, Tate alleged only a "rash of assaults" and a "pattern of violence." Such characterizations of conditions at MANCI are conclusory and unsupported by specific facts. The allegations do not raise an arguable issue of fact. See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). There is nothing in the record to suggest that Tate himself was in more danger than any other member of the prison population, or even the staff. There were no allegations that Tate sought protective custody as a result of being at risk of assault. Inasmuch as Tate has failed to allege a pervasive risk of harm, he has failed to allege an arguable Eighth Amendment claim.
 
 
 5
 Finally, the dismissal of defendant Wilkinson was also proper because there were no allegations that Wilkinson was personally responsible for or had any knowledge of any conditions, pervasive or otherwise, that existed at MANCI prior to Tate's injury. This lack of involvement is fatal to a Sec. 1983 claim. See Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, U.S. District Judge for the Eastern District of Michigan, sitting by designation