81 F.3d 161
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Barbara D. TAYLOR, Plaintiff-Appellant,
v.
UNITED STATES of America; Janet Reno, Defendants-Appellees.
 No. 95-5791.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1996.
 
 Before: JONES, BOGGS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Barbara D. Taylor, a pro se Tennessee citizen, appeals a district court judgment dismissing her civil rights complaint filed pursuant to 42 U.S.C. §§ 1981 and 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Taylor filed her civil rights complaint against the United States and Janet Reno, the Attorney General of the United States, alleging that agents of the United States and the Attorney General violated her right to privacy by
 
 
 3
 conceal[ing] a listening and recording device [microphone eavesdropping] in the plaintiff [sic] apartment including tiny cameras. As aforesaid, the transmitter are [sic] inside of plaintiff's neighbors apartment by means of transmitting and recording any sound and voices originating from plaintiff's apartment for surveillance.
 
 
 4
 The district court determined that it lacked subject matter jurisdiction over Taylor's claims and dismissed the complaint pursuant to Fed.R.Civ.P. 12(h)(3). This timely appeal followed. This court reviews a district court's findings as to subject matter jurisdiction de novo. Willis v. Sullivan, 931 F.2d 390, 395 (6th Cir.1991); Greater Detroit Resource Recovery Auth. v. EPA, 916 F.2d 317, 319 (6th Cir.1990) (citations omitted).
 
 
 5
 Upon review, we conclude that the district court properly found that it lacked jurisdiction to consider Taylor's claims under § 1983. To state a viable § 1983 claim, a plaintiff must allege that: 1) she was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States, and 2) the deprivation was caused by a person while acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir.1994). In order to be subject to suit under § 1983, the defendant's conduct must be fairly attributable to the state, Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); Simescu v. Emmet County Dep't of Social Servs., 942 F.2d 372, 374 (6th Cir.1991); that is, the challenged action must have been taken under color of state law. See generally NCAA v. Tarkanian, 488 U.S. 179, 191 (1988). The United States and its Attorney General clearly do not act under color of state law.
 
 
 6
 The district court also properly found that it lacked jurisdiction to consider Taylor's claims under § 1981. Section 1981 protects persons from discrimination on the basis of race in connection with the formation and performance of contracts. See Rivers v. Roadway Express, Inc., 114 S.Ct. 1510, 1515 (1994); Patterson v. McLean Credit Union, 491 U.S. 164 (1989). The complaint clearly does not concern Taylor's contract rights.
 
 
 7
 Taylor's claims against the United States were also properly dismissed. It is well established that, absent an express waiver, the doctrine of sovereign immunity bars the plaintiff's claim for money damages against the United States, its agencies, and its officers in their official capacities. See United States v. Sherwood, 312 U.S. 584, 586 (1941). There has been no such express waiver of sovereign immunity in this case. Thus, the claims against the United States were properly dismissed.
 
 
 8
 Finally, the district court properly dismissed Taylor's claims against Attorney General Reno. Since Taylor alleged a violation of her civil rights, the district court properly construed the complaint as one under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens established that victims of a constitutional violation committed by a federal agent may recover damages against a federal official who is responsible for that violation. However, a Bivens -type action is subject to the same limits of liability as a § 1983 action. See e.g., Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701 (1989).
 
 
 9
 Attorney General Reno is alleged to be liable solely on the basis of respondeat superior. A Bivens action, as actions brought against state actors under § 1983, cannot be maintained only on a theory of respondeat superior. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983) (section 1983 complaint). Taylor's complaint contains no allegation of any wrongful act on the part of Attorney General Reno individually. Instead, it consists entirely of vague and generalized claims that the government is persecuting Taylor. Taylor alleged no actions by any government employees that would support a claim that she is the subject of electronic monitorings or observations. Absent an allegation of a personal participation in violation of a constitutional right by Attorney General Reno, the complaint on its face establishes the want of liability of Reno. With Attorney General Reno free from liability, Taylor has clearly failed to state an action against any party suable as such in this action. Under those circumstances, the decision of the district court dismissing the action for lack of subject matter jurisdiction was proper.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.